DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent, *v.* NATURAL PLATING CORPORATION, Formerly Known as METALLIC FLOWERS, INC., Appellant, et al., Defendant.

First Department, March 28, 1961.

*Borris M. Komar* for appellant.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for respondent.

*Per Curiam.* This is an appeal from an order entered June 5, 1959, insofar as it granted a motion of the plaintiff to retain certain devices and literature during the pendency of the action and denied defendant's cross motion for summary judgment.

The devices (metal bracelets) and literature were seized by the Department of Health on March 15, 1955, as misbranded devices. They were then the property of Metallic Flowers, Inc., the predecessor of Natural Plating Corporation, defendant-appellant herein. Thereafter Metallic Flowers, Inc., herein called Metallic, sought an injunction restraining the City of New York, the defendant therein, from interfering with the advertising, manufacture and sale of the metal bracelets. The injunction was granted in the Supreme Court. On appeal to the Appellate Division the judgment was reversed, two Justices dissenting, and the complaint dismissed, this court holding that the bracelets were misbranded and that the seizure was justified under section 135 of the Sanitary Code of the City of New York (*Metallic Flowers* v. *City of New York,* 4 A D 2d 292).

On appeal to the Court of Appeals the judgment of the Appellate Division was modified to affirm the denial of an injunction,

and to reverse that part of the judgment dismissing that part of the complaint which sought a return of the property seized. The court refused to pass upon the question if the devices were in fact misbranded and so within the prohibition of section 116 of the Sanitary Code. A portion of the decision stated: " We construe section 135 of the Sanitary Code as requiring that any condemnation proceeding taken by defendants under the Sanitary Code accord with the procedure specified in a case prosecuted under the Education Law (§ 6815). Until those safeguards afforded plaintiff by law are observed, we may not pass upon the basic question of whether the plaintiff's bracelet was misbranded. The seizure here having been in violation of those procedural safeguards, the plaintiff is entitled to a return of its property." (*Metallic Flowers* v. *City of New York*, 5 N Y 2d 246, 249.)

On remittitur the order of judgment of the Court of Appeals was made the judgment of the Supreme Court and it was directed that the seized material be returned.

The complaint in the present action, which seeks a judgment of condemnation and a direction for destruction of the devices, is predicated upon and alleges the seizure of March 15, 1955. On the present pleading, based as it is upon the seizure of March 15, 1955, the action could not be maintained (Civ. Prac. Act, § 50). This does not mean that a new pleading based upon a new seizure, actual or constructive, may not be alleged if plaintiff be so advised. On this view the mere fact that the bracelets were already in the custody of the city did not prevent a new constructive seizure of the allegedly misbranded articles. The purpose of the provisions of the Sanitary Code dealing with adulterated or misbranded drugs or devices is to protect the public. To direct that the respondent actually divest itself of physical possession and thereafter go through the procedure of again taking actual possession of such devices is in effect to require the doing of a useless act. Under the applicable sections if there is probable cause to believe that the device falls in the area of prohibition and the articles be in the custody of the party empowered to make the seizure, such party, if it has not already done so, may proceed thereafter in accordance with the provisions of the code and section 6815 of the Education Law to effect the seizure and so assert the same in its pleadings. This accords with the spirit and purpose of the law and the object sought to be accomplished. It must be remembered that the Court of Appeals did not pass upon the question if the devices were in fact misbranded. Thus this issue has never been adjudicated by our highest court.

The order appealed from should be modified on the law so as to grant the defendant's cross motion for summary judgment dismissing the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice, with leave, however, to plaintiff to replead. As so modified the order should otherwise be affirmed, without costs to either party.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order entered on June 5, 1959, granting plaintiff's motion to retain certain devices and literature during the pendency of the action and denying defendant-appellant's cross motion for summary judgment, unanimously modified, on the law, so as to grant defendant's cross motion for summary judgment dismissing the complaint, under subdivision 5 of rule 107 of the Rules of Civil Practice, with leave, however, to plaintiff to replead and to serve an amended complaint within 20 days from the service of a copy of the order entered herein, with notice of entry, upon its attorney, and, as so modified, affirmed, without costs.